UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY CIRO GARDUNO MARTINEZ,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ, et al.<br>Respondents. | Case No. 5:26-cv-03207 ADS<br><br>ORDER DENYING PETITION |

## I. INTRODUCTION

Petitioner Eloy Ciro Garduno Martinez, an immigration detainee, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed a Response to the Petition. (Dkt. No. 7.) Petitioner filed a Reply in support of the Petition. (Dkt. No. 9.) Petitioner also filed a Status Update, indicating that Petitioner had received a new bond hearing. (Dkt. No. 10.) Respondents subsequently lodged an audio

recording of the new bond hearing. (Dkt. No. 12.) For the reasons discussed below, the Petition is denied.

## II. FACTUAL BACKGROUND

Petitioner alleges he last entered the United States in 2000 as a nonimmigrant visitor and has resided continuously in the United States. (Dkt. No. 1 ¶ 26.) Petitioner alleges he is the father of three adult children who all reside in the United States. (Id.) Petitioner has never had a driver's license but has multiple driving-related criminal charges and convictions.[1] (Dkt. No. 1, Ex. 5, 6.) Most recently, on January 9, 2026, while attending a pre-trial hearing on a criminal charge for driving under the influence ("DUI"), Petitioner was arrested by immigration authorities outside of the courthouse. (Id. ¶ 30.) On March 10, 2026, an Immigration Judge ("IJ") held a bond hearing under 8 U.S.C. § 1226(a), at which the IJ denied bond and found Petitioner to be a danger to the community on account of his criminal history.[2] (Dkt. No. 1, Ex. 5.)

Petitioner's son filed a Form I-130 Petition for Alien Relative, which was granted by immigration officials on March 12, 2026. (Id. ¶ 28.) On April 21, 2026, Petitioner's son filed a Form I-485 Application to Register Permanent Residence or Adjust Status. (Id. ¶ 29.) On June 10, 2026, a new IJ held a custody redetermination hearing under 8 U.S.C. § 1226(a), at which the IJ found Petitioner to be a danger to the community. (Dkt. No. 1, Ex. 6.) Most recently, the same IJ who held the June 10, 2026 bond hearing also held a Rodriguez bond hearing on July 14, 2026, at which the IJ found Petitioner to

[1] Review of the bond recording indicates that Petitioner concedes two unsuccessful attempts to pass the driver's test.

[2] Petitioner withdrew a request for custody redetermination in February 2026.

be a danger to the community by clear and convincing evidence. (Dkt. No. 10 at 5.) Petitioner has not provided any indication that he has appealed any of the bond denials with the Board of Immigration Appeals ("BIA").

Petitioner has the following criminal history: (1) An arrest in 2005 for driving without a license that resulted in a conviction for driving without a license; (2) a arrest in 2007 that resulted in a no contest plea for driving with a suspended license; (3) a DUI arrest in 2015 that resulted in a conviction for an exhibition of speed; (4) an arrest for disorderly conduct for public intoxication in 2017; and (5) a DUI arrest in 2025 that resulted in a 2026 conviction for reckless driving. (Dkt. No. 1. ¶ 9; Dkt. No. 1-1, Ex. 5, Ex. 6.)

## III. SUMMARY OF PETITION, RESPONSE, AND REPLY

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner asserts the following grounds for relief in relation to the June 10, 2026 bond hearing[3]: (1) the IJ's finding of dangerousness is not supported by evidence; (2) the IJ relied on factors that cannot establish present danger and failed to consider Petitioner's equities; (3) the resolution of Petitioner's recent DUI charge down to a reckless driving conviction means that the predicate for the danger finding no longer exists; (4) no bond hearing was conducted by a neutral adjudicator; and (5) Petitioner's continued detention serves no legitimate government interest. (Dkt. No. 1 at 14-20.) Petitioner seeks immediate release from custody, or in the alternative, a new bond hearing

[3] The Rodriguez hearing is not addressed in the Petition because it occurred after the Petition was filed. However, the Court will consider these grounds, as applicable, in relation to the most recent Rodriguez bond hearing because it is the order pursuant to which Petitioner remains detained.

conducted by this Court. (Id. at 20-22.) Petitioner further seeks, at a minimum, that the Court order a new bond hearing before a different IJ. (Id. at 21.)

In the Response, Respondents argue that Petitioner's detention is lawful pursuant to 8 U.S.C. § 1226(a). (Dkt. No. 7 at 2.) Respondents further note Petitioner's criminal history and that Petitioner has already received multiple bond hearings. (Id.) Respondents contend that Petitioner has not been deprived of due process because of the bond hearings. (Id. at 3.)

In the Reply, Petitioner argues that the bond hearings he received were defective. (Dkt. No. 9 at 2.) Petitioner emphasizes that he has strong community ties and that unproven arrest allegations are not sufficient to conclude that Petitioner is a danger. (Dkt. No. 9 at 4-7). Petitioner also filed a Status Update, indicating that he had received a Rodriguez bond hearing on July 14, 2026. (Dkt. No. 10 at 2.) Petitioner argues that the IJ erroneously concluded that there was clear and convincing evidence that Petitioner was a danger because the IJ misstated one arrest as a conviction, the IJ relied on mere DUI arrests that resulted in non-DUI convictions, and the IJ did all the questioning of Petitioner despite the Respondents having the burden of proof. (Id.) The Court has received an audio recording of this recent Rodriguez bond hearing and has reviewed the audio recording in full. (Dkt. No. 12.)

## IV. DISCUSSION

### A. Exhaustion Requirement Applies to Grounds 1-4

The Court must first consider whether Petitioner was required to exhaust his administrative remedies with the BIA before raising a claim with this Court that his bond hearings were constitutionally inadequate. There is no record in this case that Petitioner appealed any of the bond hearings to the BIA. The Ninth Circuit has held that

a petitioner seeking review of an adverse bond determination must ordinarily first appeal the bond denial with the BIA.[4] Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[The petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). The exhaustion requirement is prudential for habeas claims. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). However, even when exhaustion is a prudential requirement, district courts must still consider whether exhaustion is satisfied or waived. Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004) ("Lower courts are…not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived"); see also Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001) ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.").

In determining whether the exhaustion requirement should be waived, courts consider whether the following Puga factors apply:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). There are also exceptions to the exhaustion requirement, which include situations where "administrative remedies are

---

[4] Exhaustion is required even when an appeal to the BIA would be untimely. See Laing, 370 F.3d at 998 ("[W]e hold that the untimely filing of a petition to review a decision by the BIA does not constitute the exhaustion of judicial remedies.").

inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing, 370 F.3d at 1000.

Here, Petitioner alleges that all three of his bond hearings were constitutionally inadequate. (Dkt No. 1 at 11-14; Dkt. No. 10 at 2.) The Court considers the July 14, 2026 Rodriguez bond hearing because it is the operative determination justifying Petitioner's present custody.[5] See Fan v. Bondi, ____ F.Supp.3d ____, 2026 WL 2276462, at *10 (C.D. Cal. Aug. 6, 2026) ("So when the immigration judge conducted the Rodriguez hearing on February 4, 2026, and issued a new denial with a five-page memorandum, the September [bond denial] ceased to be the operative determination sustaining petitioner's custody."); see also Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today.").

The Puga factors do not warrant an exception to the exhaustion requirement in this case. The Puga factors consider whether waiving exhaustion would "encourage the deliberate bypass of the administrative scheme" and whether "administrative review is likely to allow the agency to correct its own mistakes." Petitioner's claim is that the IJ abused his discretion by finding Respondent's established that Petitioner was a danger by clear and convincing evidence. Specifically, Petitioner argues that the IJ misstated one arrest as a conviction, the IJ relied on mere DUI arrests that resulted in non-DUI

[5] Regardless, all three IJ decisions find that Petitioner is a danger based on a substantially similar reference to Petitioner's criminal record. (Dkt. No. 1, Ex. 5, Ex. 6; Dkt. No. 10 at 5.)

convictions, and the IJ did all the questioning despite the Respondents having the burden of proof. (Dkt. No. 10 at 2.) Petitioner's claim would require the BIA to review the sufficiency of the IJ's factual findings and methodology. The BIA can do so to correct the alleged mistakes of the IJ. See Fan, 2026 WL 2276462, at *14 ("Unlike the federal courts, the BIA has direct access to the hearing record, authority to order remand for additional factfinding, and deep familiarity with the documentary practices of immigration courts."); see 8 C.F.R. § 1003.1(b)(7), (d)(3)(i)–(iv); see also Morgan v. Gonzales, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (BIA has "power to adjudicate procedural due process claims"). Excusing exhaustion in this case would encourage a shortcut to federal court and a bypass of the administrative scheme. See Fan, 2026 WL 2276462, at *14. ("[E]xcusing exhaustion in a routine immigration bond dispute like the one here would set a troubling precedent; it would invite every detainee who disagrees with an immigration judge's decision to skip the BIA and petition directly in federal court."). Furthermore, the Ninth Circuit has explicitly held that review of bond determinations is precisely the sort of situation that should first be exhausted with the BIA. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Accordingly, Petitioner has no convincing basis to resist administrative exhaustion.

Furthermore, the Laing exceptions do not apply here. No countervailing reason supports waiving exhaustion here. BIA remedies are not "inadequate or not efficacious." Laing, 370 F.3d at 1000. The BIA has the authority to vacate the bond denial or remand for a new hearing. See Fan, 2026 WL 2276462, at *15 ("The BIA has plenary authority to reverse the immigration judge's procedural ruling, to vacate the

bond denial, and to remand for a new hearing. . . .”). The Court recognizes that requiring exhaustion will have the serious consequence of causing Petitioner to remain detained during the pendency of a BIA appeal. However, if the mere wait associated with a BIA appeal was a sufficient ground for waiving exhaustion, exhaustion would be waived in virtually every case and the exception would swallow the rule. See Fan, 2026 WL 2276462, at *15 (holding that if “the passage of time and the fact of detention is deemed an adequate showing of irreparable injury as a matter of course. . . administrative exhaustion would have to be waived near universally”); see also McCarthy v. Madigan, 503 U.S. 140, 147 (1992) (exhaustion may be waived when there is “an unreasonable or indefinite timeframe for administrative action” or “a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim.”).

The Court is required to abide by the exhaustion requirement in this case.[6] See Fan, 2026 WL 2276462, at *15 (holding that waiving exhaustion “would subvert not only the mandatory exhaustion rule but the congressional design of the immigration court system—substituting the BIA with federal district courts”). Grounds 1-4 require the Court to consider the IJ’s factual findings and determine whether the IJ abused his discretion in weighing Petitioner’s criminal record against his positive equities. Grounds 1-4 call for precisely the type of factual review that can and must first be

[6] The Court notes that even if it were permitted to review the IJ’s decision, it also lacks the authority to hold that the IJ should have placed less significance on Petitioner’s DUI arrests or reweigh Petitioner’s equities against his criminal record. See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (holding that district courts may determine whether the IJ applied the correct legal standard but “cannot reweigh evidence”).

exhausted with the BIA before the Court is permitted to exercise habeas jurisdiction. Accordingly, Grounds 1-4 are denied due to lack of exhaustion.

### B. Ground 5: Government Interest in Detention

Ground 5 of the Petition asserts that the government lacks a legitimate interest in Petitioner's detention. This is the only claim that Petitioner raises that is not necessarily tied to a non-exhausted claim involving the adequacy of his bond hearings. However, Petitioner agrees that his detention is permissible under 8 U.S.C. § 1226(a). (Dkt. No. 9 at 2). Petitioner specifically states that he "does not contend that [his] detention under 8 U.S.C. section 1226(a) is unlawful." (Dkt. No. 9 at 2); see 8 U.S.C. § 1226(a) ("[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). The government has a legitimate interest in his detention during the pendency of his removal proceedings because an IJ has determined that he is a danger to the community. See Martinez, 124 F.4th at 786 ("[The petitioner] was found to be a danger to the community, so his detention is clearly 'reasonably related' to the government's interest in protecting the public."). The IJs all indicated significant concern with Petitioner's criminal history, which includes multiple DUI arrests, convictions for an exhibition of speed, reckless driving, and driving without a license. (Dkt. No. 1. ¶ 9; Dkt. No. 1-1, Ex. 5, Ex. 6.) Misstating one arrest as a conviction, given the extent and nature of Petitioner's criminal record, does not significantly undermine this determination. Petitioner's argument that he has been improperly detained since January 2026 does not alter this legitimate governmental interest when he has had multiple bond hearings. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022) (holding that the occurrence of bond hearings weighs

against finding a noncitizen's detention under 8 U.S.C. § 1226(a) is unconstitutionally prolonged). Therefore, Petitioner has failed to establish his entitlement to habeas relief.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition is denied; and

2. Judgment shall be entered accordingly.

Dated: October 8, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge